## Tatar v. Tatar

*David H. Weiner*, for plaintiff.

GIBSON, P. J., June 29, 1953.—The complaint in this case states that defendant's residence is 624 Monongahela Avenue, North Charleroi, Pa.

The evidence shows that defendant resides at 624 Monongahela Avenue, North Charleroi.

The constable who claims he served the complaint states he served defendant at his place of business at 150 Monongahela Avenue, Monongahela, Pa., and that defendant was made known to him by John Tatar and others.

The same constable, who claims he served the notice of the master's hearing on defendant, states that he served this notice on defendant at 150 Monongahela Avenue, Monongahela, and that defendant "is personally known to the deponent".

There is no evidence in the case that defendant had a place of business at 150 Monongahela Avenue, Monongahela, if there is any such address, and it becomes doubtful whether or not any service was ever made on defendant and, if so, where.

This statement which we often see in these affidavits of service that defendant was identified by himself "and others" is about as indefinite as it is possible to state an identification. It is entirely meaningless. The names and residences of "the others" should be given, and if this kind of return continues it may be necessary to require all services in divorce cases to be made by the sheriff.

The case must be referred back to the master to ascertain whether or not there ever was any actual service made of either the complaint or the notice of the master's hearing and, if so, definitely where and by whom defendant was identified.

It may also be proper to call the master's attention to the fact that his discussion of the evidence is almost identical with that in McBride v. McBride, May term, 1953, no. 267, notwithstanding proofs are entirely different.

And now, June 29, 1953, this case is referred back to the master for further proceedings in accordance with the foregoing opinion.